**FROM: The District Court of the 19th Judicial District.**
**County of Lincoln.**

STATE OF MONTANA,

Plaintiff,                                                           NO. DC 93-22N

vs.                                                                          DECISION

Wesley Ray Mack,

Defendant.

On September 13, 1994, the court found that the defendant had violated the terms of his deferred sentence and so the court ordered, adjudged and decreed as to the offense of Sexual Assault, a felony, the defendant shall be imprisoned in the Montana State Prison for a period of fifteen (15) years, but suspends five (5) years of such sentence. The defendant shall not be eligible for consideration for parole until he successfully completes all phases of the sex offender treatment program. Terms and conditions for parole shall remain the same as listed in the September 13, 1994 Judgment and Sentence. The defendant shall receive credit for fifty-one (51) days time served by reason of prior incarceration.

On March 16, 1995, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and was represented by Jeffrey Murray, attorney from Kalispell. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, there is a split decision of the Sentence Review Division. Judge Ted O. Lympus and Judge Frank Davis vote to affirm the decision as originally imposed.

The reason for the decision is the sentence imposed by the District Court is presumed correct pursuant to Section 46-18-904(3), MCA. The Division finds that the reasons advanced for modification are insufficient to find that the sentence imposed is

either inadequate or excessive as is required to overcome the presumption that the sentence is correct.

Done in open court this 16th day of March, 1995.

DATED this 19th day of April, 1995.

**Hon. Ted Lympus, Member, Hon. Frank Davis, Member.**

DISSENT: **THE HONORABLE JOHN WARNER** dissents, and would amend the sentence to require that before release the defendant shall complete Phase I of the Sexual Offender Treatment Program.

The Sentence Review Board wishes to thank Jeffrey Murray, attorney from Kalispell for representing Wesley Mack in this matter.